# Lance Y. Liu, Esq.

Lance LIU*, PhD., Esq.
*Licensed in NY & NJ

Lance Liu, Esq.
15 Minuteman Circle
Southbury, CT 06488
Phone: 203-706-9536
Email: lanceliu2000@gmail.com
Date: July 8, 2026

VIA CM/ECF
The Honorable Margo K. Brodie, Chief Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

RE: Xiamen Tingken Electronic Technology Co., Ltd. v. Bala Bangles, Inc.
Case No. 1:26-cv-02481-MKB-LKE
Response to Defendant's Request for Pre-Motion Conference

Dear Judge Brodie:

Pursuant to the Court Order issued on July 1, 2026, Plaintiff respectfully responds to Defendant's Request for Pre-Motion Conference.

The present case is an action for a declaratory judgment of noninfringement and invalidity of U.S. Design Patent No. D888,167 ("the 'D167 Patent"). It is a *de facto* continuation of Case No. 1:25-CV-03614, Xiamen Tingken Electronic Technology Co., Ltd. v. Bala Bangles, Inc., before Honorable Ramon E. Reyes, Jr. in this judicial district involving the same Patent, the same alleged infringing product and the same parties ("the Prior Case"). Moreover, the inventors made the invention within this judicial district.

The Prior Case was dismissed without prejudice on February 10, 2026. However, after the dismissal of the Prior Case, Defendant's counsel continued to threaten the Plaintiff with litigation/enforcement of the same 'D167 Patent on the same alleged infringing product. Plaintiff was forced to refile the case to resolve all remaining issues from the Prior Case and to stop Defendant's continued threat to the Plaintiff.

As the Defendant has waived their objections to venue, personal jurisdiction and service of process in the Prior Case, with the same parties, the same'D167 Patent and the same alleged infringing product, Defendant should be deemed to have waived those objections in the present case. Such carry over is justified in view of the facts that Defendant's action after the dismissal of the Prior Case caused the refiling of the present

case. As an alternative, Plaintiff should be allowed time to reopen the Prior Case in this judicial district for a final resolution of all unresolved issues.

*Arguendo*, even assuming that the Court decides to transfer the case elsewhere, the case should be transferred to the Federal District Court for the District of Delaware where Bala Bangle is incorporated (see Page 1 of Defendant's June 30, 2026 Letter) and legally resides.

With regard to Count II, it stated a cause of action upon which relief can be granted by alleging that Defendant filed/threaten to file complaint to Amazon.com with allegations of infringement of the 'D167 Patent, with substantial damages to the Plaintiff's business.

Therefore, Defendant's request for a pre-motion conference shall be denied that the present case shall remain in this Court.

Respectfully Submitted

Date: July 8, 2026

By: /s/ Lance Liu
Lance Liu, Esq.
15 Minuteman Circle
Southbury, CT 06488
(203)706-9536
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on July 8, 2026, a copy of the foregoing document was filed electronically through the Court's CM/ECF NextGen system with notice of filing automatically sent electronically to counsel of record.

/s/lance liu

BY: Lance Liu, Esq.
15 Minuteman Circle
Southbury, CT 06488
Email: lanceliu2000@gmail.com
Phone: (203)706-9536